**Harold L. GREENBERG, Plaintiff–Appellant,**

v.

**AETNA LIFE INSURANCE COMPANY, The Sunguard Data Systems, Inc. Long Term Disability Plan, Defendants–Appellees.**

No. 10–2083–cv.

United States Court of Appeals, Second Circuit.

May 11, 2011.

Aba Heiman, Fusco, Brandenstein & Rada, P.C., Woodbury, NY, for Appellant.

Michael H. Bernstein, Sedgwick, Detert, Moran & Arnold LLP, New York, NY, for appellees.

PRESENT: WILFRED FEINBERG, ROGER J. MINER and RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Plaintiff-appellant Harold L. Greenberg appeals from a judgment entered May 7, 2010, in the United States District Court for the Southern District of New York (Pauley, *J.*) in favor of Defendants-appellees Aetna Life Insurance Company ("Aetna") and Sunguard Data Systems, Inc. Long Term Disability Plan (collectively, "Defendants"). Greenberg argues that the district court erred in finding that substantial evidence supported Aetna's conclusion that his disability was caused by a pre-existing condition. He further argues that the court erred in determining that Pennsylvania law controls the interpretation and administration of the long-term dis-

ability policy (the "policy"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Where a benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461, gives the plan's administrator discretionary authority to determine eligibility under the plan or to construe the plan's terms, the administrator's decisions are reviewed for abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). "[A] court may not overturn the administrator's denial of benefits unless its actions are found to be arbitrary and capricious, meaning 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *McCauley v. First Unum Life Ins. Co.,* 551 F.3d 126, 132 (2d Cir.2008) (quoting *Pagan v. NYNEX Pension Plan,* 52 F.3d 438, 442 (2d Cir.1995)).

Here, the district court determined that the administrator enjoyed discretionary authority to determine eligibility under and to interpret the terms of the plan. Since it found Aetna's decisions to have been supported by substantial evidence, it granted judgment in favor of Defendants. On *de novo* review, we likewise determine that Aetna's decisions were supported by substantial evidence. Accordingly, we affirm the district court's judgment.

"We review the district court's choice of law *de novo.*" *Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin., Inc.,* 414 F.3d 325, 331 (2d Cir.2005). Greenberg argues that the policy should be deemed "delivered" in New York and thus New York law should govern to the extent not preempted by ERISA. However, the policy on its face elects Pennsylvania law as controlling its interpretation and stipulates that it is to be delivered in Pennsylvania. Greenberg has not provided any evidence to the contrary. Accordingly, as permitted under Pennsylvania law, and pursuant to the policy's terms, he is permanently excluded from eligibility.

We have considered Greenberg's remaining contentions and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**